Kellie Jean WATTS, Plaintiff—
Appellant,

v.

John H. DALTON, Secretary of the Navy, Navy Exchange Service Command Retirement Trust, Defendant—
Appellee.

No. 00–55898.

D.C. No. CV–98–07598–DT–2.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2001.

Decided Jan. 17, 2002.

Before NOONAN and WARDLAW, Circuit Judges, and SCHWARZER,* District Judge.

### MEMORANDUM **

Kellie Watts ("Watts") appeals the district court's grant of summary judgment and its judgment, after a jury trial, in her Title VII action alleging race discrimination by the Secretary of the Navy ("Navy") when she was denied retirement benefits and later terminated from her position at the Naval Exchange in Long Beach, California. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

---

* Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## I

Watts first argues that the district court erred in granting the Navy's motion for summary judgment on her claim that the Navy Retirement Subcommittee refused her request to buy back her pension rights based on race discrimination in violation of 42 U.S.C. § 2000e–2(a)(1). Watts acknowledges that her personnel file contained two cards, bearing her signature, refusing participation in the pension plan. Even assuming the cards were forged, as Watts contends, Watts's claim must fail. She has not provided any evidence that the Navy's reliance on these refusal cards in denying her pension claim was a pretext for racial discrimination or that the Navy treated any similarly situated employee differently. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) ("[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff."). Accordingly we agree that Watts failed to state a prima facie case of race discrimination as required by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

## II

Watts also contends that the district court erred, after the jury issued a special verdict finding no race discrimination, when it declined to issue a judgment as a matter of law that the reduction in force was a result of unlawful discrimination. Given the evidence that the termination of Watts's position was an administrative error, for which Watts received compensation, and that the Naval Base closed subsequently, we conclude that the jury verdict was not contrary to the clear weight of the evidence. Therefore the district court did not err in declining to issue

a judgment as a matter of law. *Reeves*, 530 U.S. at 148–49, 120 S.Ct. 2097 (whether judgment as a matter of law is appropriate will depend on a number of factors, including "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law"); *Rattray v. City of Nat'l City*, 51 F.3d 793, 800 (9th Cir.1994) (holding that the district court has discretion to grant a new trial when the jury's verdict is contrary to the "clear weight of the evidence" or is based on false evidence, or when a new trial is needed to prevent a "miscarriage of justice") (citation and internal quotation marks omitted).

## III

Watts was not entitled to a new trial based on the court's participation in the trial, its evidentiary rulings, or its jury instructions. The record establishes that the trial judge properly exercised his prerogative to interrogate witnesses where necessary to clarify testimony, ensure the orderly presentation of evidence, and prevent undue repetition. *See United States v. Scholl*, 166 F.3d 964, 977 (9th Cir.1999). The suggestion that the district judge showed actual bias or that the jury perceived an appearance of advocacy or partiality is wholly without merit. *Id.; see also Price v. Kramer*, 200 F.3d 1237, 1252 (9th Cir.2000). Likewise, the court did not abuse its discretion when it refused to admit into evidence a naval regulation requiring personnel managers to offer terminated employees lower-paying positions. Given testimony that the regulation had not yet been seen by the personnel managers and could not possibly have been a basis for their subsequent employment decisions, this evidence was irrelevant. *See*

Fed R. Evid. 401; *Freeman v. Allstate Life Ins. Co.*, 253 F.3d 533, 536 (9th Cir. 2001).

■ Finally, the jury instructions, reviewed as a whole, were neither misleading nor inadequate to guide the jury's deliberation. *United States v. Moore*, 109 F.3d 1456, 1465 (9th Cir.) (en banc), *cert. denied*, 522 U.S. 836, 118 S.Ct. 108, 139 L.Ed.2d 61 (1997). The jury was instructed on the plaintiff's burden of proving that a discriminatory reason more likely than not was responsible for the defendant's employment decision, and the instructions set forth the essential elements that Watts had to prove to prevail. *See Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1344–45 (9th Cir.1987). Thus Watts was not denied a fair jury trial or entitled to a new trial based on these arguments.

AFFIRMED.